August 5, 2015

Velva Price, District Clerk
Travis County Courthouse

RE: Applicant's Objections to State's Findings of Fact
  CCA Case No: WR-83,053-01
  Tr. Ct. Cause No: D-1-DC-12-904056-A
  Styled: Ex parte Donald Atkins

On July 28, 2015, I received the State's Findings of Fact and Order to Transmit Habeas Corpus Record, signed by Judge Brenda Kennedy of the 403RD District Court - Travis County.

In accordance with T.R.A.P. rule 73.4(b)(2) - 10 day filing deadline - I am enclosing my objections to the State's Findings, a Sworn Declaration, and Certificate of Service. Due to not having access to a copier at this unit, I am sending the only copy of Exhibits 1 and 2 to the District Clerk's Office for filing. Please make them available to all parties, as needed.

Upon filing my Objections to State's Findings, please bring these documents to the Court's attention for their action. Your assistance and prompt response are important in this matter.

Respectfully,
Donald Atkins #1820499
Connally Unit - 899 FM 632
Kenedy, Tx 78119

cc: file/da, Tx Ct Crim Appeal

EX PARTE
DONALD AEKINS
[Applicant pro se]

§
§
§

IN THE DISTRICT COURT
403RD JUDICIAL DISTRICT
TRAVIS COUNTY, TEXAS

## APPLICANT'S OBJECTIONS TO TRIAL COURT'S
## FINDINGS OF FACT
## (POST CONVICTION APPLICATION)

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant, Donald Aekins received the State's Proposed Findings of Fact and Order to Transmit Habeas Corpus Record on July 28,2015. Applicant respectfully lodges the following objections to those Findings, as authorized by the Tx Rules of Appellate Proc.-T.R.A.P. rule 73.4(b)(2).

On November 18,2013, Applicant filed with the Fourth Court of Appeals (COA) a Motion for Extension of Time to File a Motion for Rehearing. That Court granted him an extension until February 19,2014. These facts were not included in the State's Findings.

The State's Petition for Discretionary Review filed on December 12,2013, was filed prematurely because Applicant still had pending litigation. The 4th COA still had jurisdiction over the case, and on February 14,2014, he filed his Motion for Rehearing.

In Applicant's Motion for Rehearing, he raised a new issue as authorized by: T.R.A.P. rule 49; Gobert v State 275 SW3d888; Rodriguez v State 129 SW3d551(if a party raise a new ground for the first time on Motion for Rehearing, the COA is not required to entertain, but argument is now preserved for PDR). Applicant argues that his conviction on Counts 1 and 2 of his indictment violate the Double Jeopardy Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, against multiple convictions and punishments for the same offense in a single prosecution.

Page 1 of 3

On February 25, 2014, Applicant's pro se Motion for Rehearing was denied. This fact was not included in the State's Findings.

On March 5, 2014, Applicant filed a pro se Motion for Extension of Time to File a Motion for En Banc Reconsideration with the 4th COA and the motion was granted until May 12, 2014. These facts were not included in the State's Findings.

The Motion for En Banc Recon. was actually placed in the prison mailbox on May 9, 2014 (see State's Findings#7). This fact was misstated in the State's Findings#5.

On May 20, 2014, Applicant filed an Amended pro se Motion for En Banc Recon. with the 4th COA (see issue 2-Writ's Memo of Law, pg 4). This fact was not included in the State's Findings.

Applicant did not receive the denial Order of his Original pro se. Motion for En Banc Recon. until May 22, 2014. (see TDCJ Connally Unit mailroom-"Incoming"Legal Mail Log). This fact was mis-stated in the State's Finding#7.

Applicant did not receive the denial Order of his First pro se Motion for Extension of Time to File a PDR until June 21, 2014. (see TDCJ Connally Unit mailroom-"Incoming" Legal Mail Log)(see also issue 1-Writ's Memo of Law, pg 2-3). This fact was mis-stated in State's Findings#9.

On June 26, 2014, Applicant wrote the CCA to explain his entitlement to a PDR extension and to submit a Second pro se Motion for Extention of Time to File a PDR. (see Exhibit 1). This fact was mis-stated in State's Findings#2.

On November 14, 2014, the Court ruled that Applicant's pro se PDR was received untimely on July 11, 2014. Wheninfact, the TDCJ mailroom Affidavit and State's Findings#11, show mailroom staff mailed papers out via U.S. Postal Service on July 1, 2014. (see Exhibit 2). This fact was not included in the State's Findings.

In <u>Verburgt v Dorner</u>, the Court held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files, within the 15-day period in which he would be entitled to move to extend the filing deadline, documents showing a bona fide intent to appeal." Id 959 SW2d 615,617(Tex 1997); <u>Gary</u> 2002 WL 1806800, at*1.

In the instant case, Applicant-acting in good faith-filed during the 15-day entitlement to an extension(per T.R.A.P.68.2(c)) an <u>Amended</u> Motion for En Banc Recon.(June 20,2014) and his pro se PDR(July 1,2014); thus showing a bona fide intent to Appeal just days after receiving the denial Order of his extension request.

### PRAYER

FOR THESE REASONS, the Applicant eespectfully PRAYS the Trial Court incorporate Applicant's objections along with the State's Findings of Fact and that the Trial Court recommend these coherent findings to the Court of Appeals; that based on these facts, Applicant be given permission to resubmit his pro se Petition for Discretionary Review.

Respectfully submitted on this the 5th day of August ,2015;

Donald Aekins

Applicant pro se- #1820499
Connally Unit
899 FM 632
Kenedy, Tx 78119

cc: file/da,Travis Cnty Dist Clerk, Court of Criminal Appeals

Page 3 of 3

# CERTIFICATE OF SERVICE

I, DONALD ADKINS , petitioner in said Cause No. D1-DC-12-904056,
do hereby certify that a true and correct copy of the foregoing Applicant's
Objections to State's Findings of Fact
has been forward by the U.S. mail, postage paid, first class to the Travis County
District Clerk - Velva Price, PO Box 679003, Austin, Tx 78767;
& Ct Criminal Appeals - Abel Acosta, PO Box 12308, Austin, Tx 78711
who shall serve a copy to the: all parties as needed

[EXECUTED ON THIS THE 5th DAY OF August , 2015]

Respectfully Submitted,

Donald Adkins

Appellant – TDCJ # 1820499
Connally Unit
899 FM 632
Kennedy , TX 78119

cc: file /da

# INMATE'S UNSWORN DECLARATION

I, <u>Donald Aekins</u>, am the applicant and being presently incarcerated in Texas Department of Criminal Justice, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Under both Federal law (28 U.S.C. Section 1746) and State law (V.T.C.A. Civil Practices and Remedies Code, Section 132.001 - 132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification oath or affidavit sworn before a Notary Public.

Respectfully Submitted on this the 5th day of August , 20 15

*Donald Aekins*
Appellant pro se - TDCJ #1820499
Connally Unit
899 FM 632
Kenedy, Texas 78119